In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00406-CR

____________


AMY ANN SMITH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 344th District Court 

Chambers County, Texas

Trial Court Cause No. 11228 





O P I N I O N


 Appellant, Amy Ann Smith, entered a plea of nolo contendere to a charge of
unlawful possession with intent to deliver a controlled substance, namely
methamphetamine, in an amount of four grams or more but less than 200 grams. 
Appellant was assessed a suspended sentence of 10 years community supervision and
a $2,500 fine. We address whether the legality of a traffic stop made by an officer for
one purpose can be upheld on another basis. We affirm.

Facts

 Between 2:00 and 2:15 a.m. on January 26, 2000, Officer Matt Ashby, of the
Chambers and Liberty County Narcotics Task Force, stopped the vehicle driven by
appellant for failing to maintain a single marked lane of traffic. Rodrigo Anthony
Boyle, was in the front passenger seat of the vehicle and a third person was in the
back seat. Officer Ashby asked Boyle and appellant several questions. Boyle's and
appellant's answers were inconsistent. Officer Ashby then asked for permission to
search Boyle. Boyle gave no oral response. Instead, he turned around, raised his
hands, and gave a cigarette box to Officer Ashby. The cigarette box contained
methamphetamine. A subsequent search of the vehicle produced a bag that contained
more methamphetamine.

 Appellant filed a motion to suppress the evidence seized by Officer Ashby on
the grounds that the stop, detention, search, and arrest/seizure were unreasonable, in
violation of the Fourth Amendment of the United States Constitution, Article I,
Section 9 of the Texas Constitution, and Article 38.23 of the Texas Code of Criminal
Procedure. After the trial court denied appellant's motion to suppress, she entered her
plea of nolo contendere.


Hearing on Motion to Suppress

A. Officer Ashby's Testimony

 Officer Ashby became suspicious when appellant grabbed her purse as she got
out of the vehicle, but produced her driver's license from her back pocket. His
suspicions were further aroused when Boyle moved around and repeatedly pulled his
hands in and out of his pockets and when appellant and Boyle gave inconsistent
statements to several questions. When Officer Ashby asked permission to search
Boyle's person, Boyle responded by turning around, putting up his hands, and
handing objects from his pockets to Officer Ashby. One of the objects was the
cigarette box in which Officer Ashby found methamphetamine. Officer Ashby placed
Boyle under arrest and then discovered more methamphetamine in a backpack located
in the trunk of the vehicle. 

 Officer Ashby also stated he stopped appellant's vehicle for failing to maintain
a single marked lane of traffic. Ashby claimed that, as he was approaching from
behind the vehicle, he observed the vehicle swerving within the lane and also saw the
vehicle cross over the left-lane marker. Under cross-examination, Officer Ashby
stated he could not remember whether he was "stationary" or "mobile" when he first
observed the vehicle, or whether the vehicle was traveling in the extreme left or
center lane at that time. In addition, Officer Ashby conceded he could not remember
at what rate of speed he was traveling when he approached the vehicle, and also
acknowledged appellant's swerving did not create an immediate danger, because
there were no other vehicles nearby. 

 On re-direct examination, Officer Ashby testified he stopped appellant's
vehicle about eight or nine miles past the point where Interstate 10 changes from two
to three lanes, and that there were signs on that portion of the freeway stating, "the
inside lane is for passing only." Officer Ashby confirmed a traffic violation occurred
if a vehicle remained in the left lane when not passing other vehicles. 

B. Appellant and Boyle's Testimony

 Boyle stated appellant was driving the vehicle in the left lane when they
noticed Officer Ashby's vehicle approaching from behind. Boyle also stated
appellant signaled then and moved into the center lane, and acknowledged that
appellant had been driving in the far left lane for at least 10 minutes since last passing
another vehicle and before she saw Officer Ashby approach. Appellant also
acknowledged she had been driving in the extreme left lane before she saw Officer
Ashby's vehicle. In addition, she stated she knew the extreme left lane was
designated for "faster traffic."

C. Ruling of the Trial Court

 The trial court found, after reviewing all the evidence and from a totality of the
circumstances, that Officer Ashby lawfully stopped appellant's vehicle. The trial
court noted that the facts did not justify a stop for failing to drive in a single marked
lane, but found violations of Transportation Code sections 472.022 (1) and 544.011, (2)
based on Officer Ashby's entire testimony and other facts presented during the
hearing. Although Officer Ashby did not advance these violations as the reason for
the traffic stop, the trial court further noted, 

 '[T]he fact that the officer does not have the state of mind hypothecated
by the reasons which provide the legal justification for the officer's
action does not invalidate the action taken as long as the
circumstance[s], viewed objectively, justify that action.['] Scott v.
United States, 436 U.S. 128, 138, 98 S. Ct. 1717, 1723 (1978); Williams
v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986); Cedano v. State,
24 S.W.3d 406, 410 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 



Analysis


 In her sole point of error, appellant contends the trial court abused its discretion
by denying her motion to suppress because Officer Ashby's stop was illegal. This
Court will not set aside a ruling on a motion to suppress unless the trial court clearly
abused its discretion. Cedano, 24 S.W.3d at 410. In reviewing a ruling on a motion
to suppress, we afford almost total deference to a trial court's determination of
historical facts supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997); Cedano, 24 S.W.3d at 410; Gonzales v. State, 4 S.W.3d 406, 413
(Tex. App.--Waco 1999, no pet.). In addition, we view the record evidence and all
reasonable inferences from the evidence in the light most favorable to the trial court's
ruling and will sustain the trial court's ruling, provided it is reasonably supported by
the record and is correct on any theory of law applicable to the case. Gonzales, 4
S.W.3d at 413-14.

 Appellant attempts to distinguish her case from the Scott, Williams, and
Cedano decisions. She argues that, because Officer Ashby could not positively
testify that he saw the infraction the trial court based its ruling on, and, because he
could not testify that he saw any other infraction (except failing to maintain a single
marked lane of traffic), Ashby did not have the requisite underlying motive or
subjective intent for the stop. Appellant further contends that upholding the trial
court's ruling in this case would broaden the scope of the Scott decision to the point
that its objectivity requirement could be compromised by a trial court's subjective
assumptions.

 Appellant's argument attempts to impose a requirement that only the officer
can testify to the circumstances that justify the stop or search. Nothing in Scott
suggests or supports this addition. Scott states, "the fact that the officer does not have
the state of mind which is hypothecated by the reasons which provide the legal
justification for the officer's action does not invalidate the action taken as long as the
circumstances, viewed objectively, justify that action." Scott, 436 U.S. at 138, 98 S. 
Ct. at 1723. As the Supreme Court further held, an officer's subjective intent alone
does not render an otherwise lawful action illegal or unconstitutional. 436 U.S. at
136, 98 S. Ct. at 1723. Moreover, this Court has held that appellate courts may
properly uphold a trial court's ruling on a motion to suppress on a ground not
articulated by the arresting officer in his testimony. See Cedano, 24 S.W.3d at 410.

 Although Officer Ashby did not testify that he stopped appellant because she
violated Transportation Code sections 472.022 and 544.011, both appellant and Boyle
acknowledged that the vehicle had been traveling in the extreme left lane for a
distance of eight or nine miles since last passing a vehicle. Ashby was not required
to have this reason as his subjective intent for effectuating the stop or to articulate this
as his reason for the stop during his testimony. See Cedano, 24 S.W.3d at 410. The
testimony by appellant and Boyle, that the vehicle appellant was driving had
remained in the extreme left hand lane for a period of time while exceeding the
"passing only" limitation imposed by the posted signs, was sufficient evidence,
viewed objectively, to justify Officer Ashby's actions. Another way of analyzing the
situation is that appellant and Boyle did not have a reasonable expectation not to be
stopped for a traffic violation. Thus, the record reasonably supports the trial court's
ruling, which qualifies as a correct theory of law applicable to the case. The trial
court did not abuse its discretion by denying the motion to suppress. 

 We overrule appellant's sole point of error. 

Conclusion

 We affirm the judgment of the trial court.




 
 Tim Taft


 Justice



Panel consists of Justices Taft, Radack, and Price. (3)


Do not publish. Tex. R. App. P. 47.4.
1. Tex. Transp. Code § 472.022. Obeying Warning Signs


 (a) A person commits an offense if the person disobeys the
instructions, signals, warnings, or markings of a warning sign.


 Tex. Transp. Code Ann. § 472.022 (Vernon Supp. 2002).
2. Tex. Transp. Code § 544.011. Lane Use Signs


 If, on a highway having more than one lane with vehicles
traveling in the same direction, the Texas Department of
Transportation or a local authority places a sign that directs
slower traffic to travel in a lane other than the farthest left lane,
the sign must read "left lane for passing only."


 Tex. Transp. Code Ann. § 544.011 (Vernon Supp. 2002).
3. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.